UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BELFOR USA GROUP, INC.**                                    **CIVIL ACTION**

**VERSUS**                                                                  **NO. 20-96-BAJ-RLB**

**DEMOCRACY PREP LOUISIANA**
**CHARTER SCHOOL, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Compel. (R. Doc. 52). The motion is opposed. (R. Docs. 54, 56). Plaintiff filed a reply. (R. Doc. 60).

Also before the Court is the East Baton Rouge Parish School Board's ("EBR School Board") Motion for Stay of Discovery. (R. Doc. 55). The motion is opposed. (R. Doc. 62).

Also before the Court is Democracy Prep of Louisiana Charter School's ("Democracy Prep") Motion to Stay Discovery. (R. Doc. 57). The motion is opposed. (R. Doc. 63).

Also before the Court is a Joint Motion to Extend Discovery Deadlines (R. Doc. 64).

**I.    Background**

On February 19, 2020, Belfor USA Group, Inc., d/b/a Belfor Property Restoration ("Plaintiff" or "Belfor") filed this action stemming from an alleged contract regarding construction services provided at the Prescott Campus, a facility with multiple school-related buildings located in East Baton Rouge Parish, following the August 2016 flood in the Baton Rouge area. (R. Doc. 1). Belfor alleges that the State of Emergency issued by the Louisiana Governor with respect to the flood dispensed with the legal requirements of advertising public projects for bid and awarding them to the lowest bidder. (R. Doc. 37 at 4). Belfor alleges that the Louisiana Department of Education Recovery School District ("RSD") and Democracy Prep were authorized to act as the EBR School Board's agent concerning capital expenses at the Prescott Campus, including emergency repairs required after the flood. (R. Doc. 37 at 4). Belfor

alleges that it performed certain mitigation, demolition, and reconstruction work based upon written and oral authorizations. (R. Doc. 37 at 5-13). Belfor further alleges that it submitted invoices to be paid by Democracy Prep and/or the EBR School Board totaling $1,107,106.87, but those invoices were not paid by either defendant. (R. Doc. 37 at 13-16). Belfor is seeking recovery of damages for breach of contract, detrimental reliance, and unjust enrichment. (R. Doc. 37 at 16-22).

On July 20, 2020, the EBR School Board and Democracy Prep moved to dismiss Belfor's claims as alleged in the Second Amended and Restated Complaint. (R. Docs. 40, 41; *see* R. Doc. 8). These motions remain pending before the district judge. Among other things, the EBR School Board argues that Belfor's claim for unjust enrichment fails as a matter of law because "the waiver of sovereign immunity set forth in Article X Section 12 of the Louisiana Constitution of 1974 does not extend to quasi-contractual claims like that for *quantum meruit* based upon work done outside the scope of an enforceable contract." (R. Doc. 40 at 2).

On August 13, 2020, Belfor provided the defendants with draft unsigned copies of Rule 30(b)(6) depositions. (R. Doc. 52-2). The parties discussed the timing and scheduling of the foregoing depositions at a discovery conference on August 25, 2020. (R. Doc. 52-1 at 2-3; R. Doc. 54 at 1-2). The defendants informed Belfor that they would need time to review electronically stored information ("ESI") to be produced on September 4, 2020 to identify and prepare witnesses for the depositions. (R. Doc. 54 at 1-2; *see* R. Doc. 52-6 at 1-2).

Belfor filed its Motion to Compel on September 1, 2020. (R. Doc. 52). According to Belfor, in addition to the individual ESI to be produced on September 4, 2020, "[t]he parties have largely exchanged discovery documents in this case, including the project file maintained by CSRS (the School Board's project manager), CSRS electronically stored information (ESI), Belfor's project files, as well as other written responses." (R. Doc. 52-1 at 2). Belfor argues that

2

the defendants have improperly delayed the depositions in light of their desire to review documents to identify and prepare witnesses. (R. Doc. 52-1 at 2-4). Belfor seeks an order requiring each of the defendants "to designate one or more witnesses for the requested 30(b)(6) depositions, and to coordinate with counsel for plaintiff regarding the availability of those witnesses and defense counsel." (R. Doc. 52-8).

In addition to asserting that it needs additional time to review documents to identify and prepare witnesses, EBR School Board opposes Belfor's Motion to Compel because Belfor did not serve actual deposition notices in compliance with Rule 30(b)(1). (R. Doc. 54). The EBR School Board seeks an award of reasonable expenses incurred in opposing the motion. (R. Doc. 54 at 7). In its own opposition, Democracy Prep adopts by reference the arguments and authorities presented the EBR School Board's opposition. (R. Doc. 56). In reply, Belfor submits signed Rule 30(b)(6) deposition notices served on September 21, 2020, which set the depositions to occur on October 6-7, 2020. (R. Doc. 60-1). Belfor argues that the service of these deposition notices renders the defendants' arguments moot and that there is no basis for imposing any reasonable expenses in opposing the motion. (R. Doc. 60).

The EBR School Board and Democracy Prep both filed Motions to Stay Discovery. (R. Docs. 55, 57). The EBR School Board seeks a stay of discovery on the basis that it raised in its motion to dismiss the issue of sovereign immunity with respect to the unjust enrichment claim. (R. Doc. 55). The EBR School Board concedes, however, that Belfor's contract claims fall within Louisiana's waiver of its sovereign immunity. (R. Doc. 55-1 at 3). Democracy Prep more generally seeks a stay of discovery because "(1) Democracy Prep will incur undue hardship and inequity if discovery continues prior to the Court's ruling on its motion to dismiss; (2) the stay of discovery will not prejudice the Plaintiff as substantial discovery has already been exchanged by the parties; and (3) it is most convenient for the Court to stay further discovery until it is clear the

case will proceed." (R. Doc. 57-2 at 3). In opposing these motions, Belfor argues that it needs to proceed with the Rule 30(b)(6) depositions since each defendant argues that the other defendant was responsible for payment, the motions do not otherwise establish good cause for a stay of discovery, and the depositions must occur prior to its approaching expert report deadline. (R. Docs. 62, 63). With respect to the EBR School Board's arguments, Belfor notes that the sovereign immunity defense, even if merited, would not resolve the litigation with respect to the breach of contract claim. (R. Doc. 62 at 3-4).

**II.    Law and Analysis**

    **A.    Plaintiff's Motion to Compel**

Belfor's Motion to Compel seeks an order requiring the EBR School Board and Democracy Prep to designate representatives and dates for Rule 30(b)(6) depositions. (R. Doc. 52).

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id*. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous. *See*, *e.g.*, *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff

4

failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous); *Padana Assicurazioni–Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) (denying motion to compel Rule 30(b)(6) deposition where the notice was insufficiently particularized).

The draft Rule 30(b)(6) deposition notices provided to the defendants prior to the filing of the instant Motion to Compel do not meet the basic requirements of Rule 30(b)(1) by setting a time for the deposition. The Court will not order the defendants to attend and/or provide dates of availability for depositions in the absence of properly issued deposition notices as detailed by Rule 30(b)(1). *See Byrd v. Castlepoint Fla. Ins. Co.*, No. 15-634, 2016 WL 1559584, at *2 (M.D. La. Apr. 18, 2016) (collecting cases).

After the filing of the instant motion, Belfor signed and served Rule 30(b)(6) deposition notices on the defendants setting the depositions on October 6-7, 2020. (R. Doc. 60-1). The Court will not compel compliance with deposition notices served after the filing of a motion to compel. The parties must confer in good faith as required by Rule 37 and Rule 26 prior to the filing of any motions regarding these deposition notices.

While the Court will deny the instant motion to compel in its entirety, the Court must not award an award of reasonable expenses if the motion was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(B). In addition to seeking an order compelling the defendants to designate corporate representatives and to coordinate deposition dates, Belfor is effectively seeking an order allowing the Rule 30(b)(6) depositions to occur prior to the defendants' review of all documents produced in this action. This request, though obliquely presented, seeks a court order with respect to the sequence of

discovery and is substantially justified. *See* Fed. R. Civ. P. 26(d)(3) ("Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."). Accordingly, the Court will not order recovery of expenses.

### B. Defendants' Motions to Stay Discovery

Defendants' Motions to Stay Discovery seek orders staying discovery under resolution of their pending motions to dismiss. (R. Doc. 55, 57).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013).

6

Having considered the arguments of the parties, the Court does not find good cause to issue a blanket stay of discovery in light of the pending motions to dismiss. The defendants do not provide any particular and specific facts demonstrating that continuing discovery in this action while their motions to dismiss are pending would result in annoyance, embarrassment, oppression, or undue burden or expense. It appears that written discovery has been largely conducted in this action. The instant motions to stay were filed in response to Belfor's motion to compel Rule 30(b)(6) depositions. The record indicates that the defendants did not originally object to the Rule 30(b)(6) depositions moving forward so long as they had sufficient time to review written discovery to identify and prepare corporate representatives. (R. Doc. 54 at 1-2). The defendants have obtained the time sought in light of the instant discovery dispute. Allowing the depositions to move forward will not result in any particular hardship or inequity to the defendants.

The defendants provide no explanation why they did not seek a stay of discovery when seeking to dismiss the original complaint (R. Docs. 8, 15) and otherwise agreed to the discovery deadlines in the Court's Scheduling Order. The defendants only sought a stay of discovery when faced with the prospect of attending depositions. Having considered the record as a whole, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the current practice in this district, the Court concludes that the defendants have not met their burden of establishing that a stay of discovery in this action is merited pending the resolution of the pending motions to dismiss.

The Court will, however, issue a limited protective order staying discovery with respect to Belfor's unjust enrichment claim in light of the EBR School Board's defense of sovereign immunity. "It is well settled that governmental immunity is not only a defense against the burdens of liability, but also a defense to the burdens of litigation." *Davis v. United States Army*

7

*Reserve Through 321st Sustainment Brigade*, No. 19-305, 2019 WL 5777387, at *2 (M.D. La. Nov. 5, 2019) (quoting *Rivera v. United States*, No. 15-21, 2015 WL 13650012, at * 2 (W.D. Tex. May 18, 2015) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  A stay of discovery may be merited where the defendant raises the defense of sovereign immunity, which is a threshold issue that could be dispositive of the action. *See Davis*, 2019 WL 5777387, at *2.  Here, the EBR School Board argues that the alleged quasi-contractual claim of unjust enrichment does not fall within the scope of Louisiana's waiver of sovereign immunity in light of *Canal/Claiborne, Ltd. v. Stonehedge Dev., LLC*, 156 So. 3d 627 (La. 2014).  While the Court makes no decision in this order with respect to whether the EBR School Board is entitled to sovereign immunity on that claim, it finds it appropriate to stay any further discovery to the extent it pertains <u>solely</u>[1] to Belfor's unjust enrichment claim brought against the EBR School Board.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 52) is **DENIED**.  The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Democracy Prep of Louisiana Charter School's Motion to Stay Discovery (R. Doc. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that the East Baton Rouge Parish School Board's Motion for Stay of Discovery (R. Doc. 55) is **GRANTED IN PART and DENIED IN PART**.  Discovery with respect to Belfor's unjust enrichment claim brought against the EBR School Board is **STAYED** until resolution of the East Baton Rouge Parish School Board's Motion to Dismiss (R. Doc. 40).

---

[1] The Court anticipates that discovery falling within this category may be quite narrow.

**IT IS FURTHER ORDERED** that the Joint Motion to Extend Discovery Deadlines (R. Doc. 64) is **GRANTED**. The deadlines set forth in the Scheduling Order (R. Doc. 29) are amended as follows:

| | |
|---|---|
| Plaintiff's submission of expert reports: | **January 15, 2021** |
| Defendant's submission of expert reports: | **February 17, 2021** |
| Filing all discovery related motions and completing all discovery except experts: | **March 1, 2021** |
| Completing all expert discovery: | **March 8, 2021** |
| Filing dispositive and Daubert motions: | **April 1, 2021** |

All other pretrial and trial deadlines remain as scheduled.

Signed in Baton Rouge, Louisiana, on October 28, 2020.

                             **RICHARD L. BOURGEOIS, JR.**
                             **UNITED STATES MAGISTRATE JUDGE**